# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : : : | Consolidated Under MDL Docket No. 875 |
| This Document Relates to: | : : | C.A. No.: 2:13-cv-06591-ER |
| GERALD F. MORRIS and BARBARA MORRIS, h/w, | : : : | |
| Plaintiffs, | : : | Transferor District Court: Philadelphia Court of Common Pleas, Case No. 1208-2229 |
| vs. | : : | ASBESTOS CASE |
| GREENE, TWEED & COMPANY, INC., *et. al.*, | : : | |
| Defendants. | : | |

## GREENE, TWEED & COMPANY, INC.'S RESPONSE TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF NO LONGER SEVERING PUNITIVE DAMAGES CLAIMS

## I.     INTRODUCTION

Plaintiffs Gerald and Barbara Morris filed their Complaint in Philadelphia County on August 22, 2012, commencing the present action asserting claims against several defendants including Greene, Tweed & Company, Inc. (hereinafter "Greene Tweed"). Defendant General Electric Company filed a Notice of Removal to Federal Court on November 13, 2013. Following Motions for Summary Judgment, five viable defendants remained active in the case, including Greene Tweed. On November 12, 2014, the Court issued an Order for Plaintiffs in six pending MDL 875 cases, including the above-captioned case, to show cause why the Court should discontinue the practice of severing claims for punitive damages. The Court noted in the Order to Show Cause that the issue is procedural, and not within the scope of the Court to decide whether, under substantive law, punitive damages are appropriate in any specific case. Plaintiffs filed their

Memorandum in Support of No Longer Severing Punitive Damages Claims on November 19, 2014.

## II.      ARGUMENT

Plaintiffs' argument substantively boils down to the theory that 28 U.S.C. §1047(a) requires the remand of the entirety of Plaintiffs' claims as they are inseparable.  Plaintiffs' reductive reading of §1047(a) has been rejected by the Third Circuit of the United States Court of Appeals in *In re Collins*, 233 F.3d 809 (2000).   However, the Third Circuit held in *In re Collins* that:

> the statute grants unusually broad discretion to the Panel to carry out its assigned functions.  Subsection (e) provides that "[n]o proceedings for review of any order of the panel may be permitted except by extraordinary writ pursuant to the provisions of title 28, section 1651, United States Code.". . . Congress granted substantial authority to the Panel to decide how the cases under its jurisdiction should be coordinated.  It is significant that section 1047(a) directs that the Panel act "for the convenience of parties and witnesses and… promote the just and efficient conduct of such [civil] actions."

*Id.* at 811-12.

The Plaintiffs argue that the Court *must* act in a certain way as the policy goal of retaining these claims no longer exists.  In doing so, Plaintiffs concede that the Court, as the Third Circuit Court of Appeals held in *In re Collins*, may retain these claims to further appropriate policy goals. *Id.*   The rationale for the continued severance of punitive damages claims still exists.  In fact, the Transferor Court, the Philadelphia County Court of Common Pleas, where Plaintiffs' claims will be remanded, under General Court Regulation 2013-01, attached hereto as Exhibit "A," in asbestos mass tort claims, maintains the practice of deferring all punitive damages claims.

However, Plaintiffs fail to address the fact that they have not, procedurally, in their Complaint, properly plead any factual allegations of conduct to support any punitive damages claims against any defendants. Plaintiffs' Complaint, attached hereto as Exhibit "B," was filed on August 22, 2012, and, therefore, must follow the United States Supreme Court's decisions in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Iqbal* and *Twombly*, Plaintiffs must allege facts in their pleadings sufficient to provide a reasonable inference that the defendants acted with at least gross negligence. *Iqbal*, 556 U.S. at 678. Plaintiffs' formulaic recitation of the elements of a punitive damages claim is not sufficient. *Twombly*, 550 U.S. at 555. Plaintiffs have failed to properly plead a claim for punitive damages and, therefore, they cannot allege to have even made a claim to protect from being severed.

The continued practice of deferring punitive damages in asbestos claims furthers the public policy goals which the Third Circuit Court of Appeals found persuasive. These goals are still compelling today. The Third Circuit Court of Appeals stated, "[p]unitive damages are a windfall to the recipients over and above compensatory damages to which they are entitled."[1] *Id.*

> The resources available to persons injured by asbestos are steadily being depleted. The continuing filings of bankruptcy by asbestos defendants disclose that the process is accelerating. It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand. It is discouraging that while the Panel and transferee court follow this enlightened practice, some state courts allow punitive damages in asbestos cases. The continued hemorrhaging of available funds deprives current and future victims of rightful compensation.

---

[1] In fact, the Court cited several jurisdictions as examples of those that pay punitive damages, in part, to the state rather than to the individual plaintiff. *In re Collins*, 233 F.3d at 812 (*citing* Alaska Stat. § 9.17.020(j); Ga. Code Ann. § 51-12-5.1(e)(2) (product liability cases); Utah Code Ann. § 78-18-1(3).

*Id. In re Collins* is not some ancient decision with no application to litigation today. This was merely fifteen years ago. Asbestos litigation has not progressed to a point where this is no longer relevant, and the practice of deferring plaintiffs' punitive damages claims in Philadelphia County, starting in 1986 and continuing today, is testament to that.

While Plaintiffs contend that the asbestos litigation environment has improved, this is unfounded and untrue. The litigation environment has, instead, been forced to evolve. Most traditional asbestos product manufacturers have filed for bankruptcy, and asbestos-related bankruptcies have not ended.[2] Those parties that were once considered peripheral defendants have since become the primary targets of asbestos litigation, and these once peripheral defendant corporations have been forced to follow the traditional asbestos product manufacturers into bankruptcy.[3] The amount of money left to compensate plaintiffs continues to dwindle, and the main purpose of the MDL 875 retaining punitive damages claims stands unabated. Further, plaintiffs have a combination of trust fund payments, litigation, and settlements providing sources of compensation and recovery for their injuries.[4] The additional windfall of punitive damages claims is unnecessary, and the intentions of punitive damages, to punish and deter, have been rendered obsolete.

Plaintiffs appear emboldened by the recent decline in the number of overall asbestos filings, but the statistics supporting that supposition are filled with noise. Improvements to

---

[2] As of 2010, ninety-six companies were identified that filed for bankruptcy for asbestos-related liabilities and tort cases. Mark A. Behrens, et al., *Punitive Damages in Asbestos Personal Injury Litigation: the Basis for Deferral Remains Sound*, Rutgers L.J. 64 (Fall 2011) (*citing* Lloyd Dixon, et al., Asbestos Bankruptcy Trusts: An Overview of Trust Structure and Activity with Detailed Reports on the Largest Trusts 25 (2010)). "'Since 2000, dozens of companies have sought to use the trust provisions of § 524(g) of the Bankruptcy Code to globally resolve their asbestos liabilities.'" Id. at 64 (*quoting* William P. Shelley, et al., *The Need for Transparency Between the Tort System and Section 524(g) Asbestos Trusts*, 17 Norton J.Bankr. L. & Prac. 257, 257 (2008)).

[3] *Id.* at 64-65. (*quoting* Deborah R. Hensler, Asbestos Litigation in the United States: Triumph and Failure of the Civil Justice System, 12 Conn. Ins. L.J. 255, 272 (2006)).

[4] *Id.* at 71 n. 96 (citing Charles E. Bates, et al., *The Claiming Game*, 25-1 Mealey's Litig. Rep.: Asbestos 19 (Feb. 3, 2010) ("for example, it is estimated that mesothelioma plaintiffs in Alameda County (Oakland) will receive an average of $1.2 million from active and emerging asbestos bankruptcy trusts, and could receive as much as $1.6 million.")

asbestos litigation procedure, such as greater judicial scrutiny and prioritizing sick plaintiffs' claims and suspending the claims of the uninjured, have reduced the total number of pending cases.[5]  However, the number of mesothelioma cases and other cancer cases has remained fairly stable.[6]  Suspending the practice of deferring punitive damages claims would only serve to undo these gains and the Court's goal of preserving funds for the unfortunate individuals who will develop an asbestos-related illness in the future.

Significantly, there is no longer any purpose to punitive damages in asbestos litigation. The Pennsylvania Supreme Court rejected the generalized deterrence intent of punitive damages that Plaintiffs subscribe to and use as support in their memorandum.  The Pennsylvania Supreme Court focused on the goals of specific deterrence and punishment of the specific defendant in that case. *See generally, Martin v. Johns-Manville Corp.*, 494 A.2d 1088 (Pa. 1985).  These goals of specific deterrence and punishment also guide the U.S. Supreme Court's holding in *State Farm Mutual Insurance Company v. Campbell*, 538 U.S. 408 (2003), which reiterated their guideposts regarding punitive damage awards: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *Id.* at 418, *citing BMW of North America v. Gore*, 517 U.S. 559 (1996).   Punitive damage awards in asbestos cases no longer punish nor deter future behavior of those responsible for plaintiffs' injuries due to the lapse of time between the conduct and the injury.  Those that could potentially be held responsible under any punitive damages claims are no longer in positions with decision-

---

[5] *Id.* at 65-67. (*citing* Mark A. Behrens, *What's New in Asbestos Litigation ?*, 28 Rev. Litig. 501, 507-08.)
[6] Justice Freedman of New York City estimated that the deferred docket she instituted reduced the number of new cases filed by about eighty percent; however, the number of high-risk mesothelioma cases and asbestos-related cancer cases remained steady.  Id. at 67-68. (*citing* Steven Napolitano, *2009 Litigation Trends: Asbestos Litigation in the U.S.*, Skadden 3 (Mar. 4, 2009).

making powers, or have long been gone due to mergers, acquisitions and other business transactions.[7]   Further, the bankruptcies of numerous corporations, as stated *supra*, due to ongoing asbestos-related liabilities have left any intent to deter unnecessary.

The specter of punitive damages claims does not provide incentive to settlement, and instead inflates settlement values, hindering settlement agreements and further depleting the funds for future claimants.  *See Dunn v. HOVIC*, 1 F.3d 1371, 1398 (3d Cir. 1993) (Weis, J. dissenting) (*citing Asbestos Litigation Crisis in Federal and State Courts: Hearings before the Subcomm. on Intellectual Prop. and Judicial Admin. of the H. Comm. of the Judiciary*, 102d Cong. 2d Sess. 132-33 (1992).

## III.    CONCLUSION

Greene Tweed respectfully submits Plaintiff have, procedurally, failed to properly plead factual allegations to support any punitive damages claims.   Further, that the public policy considerations that support the retention of plaintiffs' punitive damages claims in the MDL 875 still exist, and have not subsided in intensity. As shown *supra*, they remain compelling, and the continued existence of the deferral of punitive damages claims in the transferor court, the Philadelphia County Court of Common Pleas, is testament to that.  Greene Tweed respectfully submits that this Honorable Court continue its procedure of retaining plaintiffs' punitive damages claims.

---

[7] The Pennsylvania Supreme Court specifically addressed, in *Martin*, liability of a defendant following a business transaction such as a merger or acquisition, holding that the status of shareholders, officers, directors and other personnel after a business transaction determined whether a party is liable for the reckless conduct of predecessors. *See generally, Martin v. Johns-Manville Corp.*, 494 A.2d 1088 (Pa. 1985).

Respectfully Submitted,

**WILBRAHAM, LAWLER & BUBA**

Dated:  November 26, 2014          By:     /s/ *David C. Weinberg*
                                          David C. Weinberg, Esq. (Bar ID: 40071)
                                          dcw@wlbdeflaw.com
                                          1818 Market Street, Suite 3100
                                          Philadelphia, PA 19103 3631
                                          (215) 564 4141
                                          Attorney for Defendant,
                                          Greene, Tweed & Company, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: ASBESTOS PRODUCTS LIABILITY** | : | **Consolidated Under** |
| **LITIGATION (NO. VI)** | : | **MDL Docket No. 875** |
| _____ | : | |
| **This Document Relates to:** | : | **C.A. No.: 2:13-cv-06591-ER** |
| | : | |
| **GERALD F. MORRIS and BARBARA** | : | |
| **MORRIS, h/w,** | : | |
| | : | **Transferor District Court:** |
| **Plaintiffs,** | : | **Philadelphia Court of Common** |
| | : | **Pleas, Case No. 1208-2229** |
| **vs.** | : | |
| | : | **ASBESTOS CASE** |
| **GREENE, TWEED & COMPANY, INC.,** *et. al.,* | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a copy of the above and foregoing by electronic means via the CM/ECF to those registered with the CM/ECF.


Respectfully Submitted,


**WILBRAHAM, LAWLER & BUBA**


Dated:  November 26, 2014        By:   /s/ *David C. Weinberg*
                                     David C. Weinberg, Esq. (Bar ID: 40071)
                                     dcw@wlbdeflaw.com
                                     1818 Market Street, Suite 3100
                                     Philadelphia, PA 19103 3631
                                     (215) 564 4141
                                     Attorney for Defendant,
                                     Greene, Tweed & Company, Inc.

# EXHIBIT A

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**TRIAL DIVISION**

**General Court Regulation No. 2013-01**

*Notice to the Mass Tort Bar*
*Amended Protocols and Year-End Report*

This Court adopted transitional working rules ("protocols") on February 15, 2012 (see General Court Regulation No. 2012-01) and amended on June 18, 2012 (see General Court Regulation No. 2012-03) to address concerns that the mass tort inventory was experiencing explosive growth, i.e.:

1. In the last six (6) years, the pending inventory rose from 2,542 cases to 5,302 cases, or a 52% increase.
2. While meeting the ABA standards for time to disposition in 90% of all major jury cases, only 37.5% of the mass tort cases were disposed in accordance with these standards. (These standards are unrealistically short for mass torts.)
3. The 2011 year-end inventory of 6,174 cases burdened FJD resources and required prudent management and court oversight to assure meeting scheduled events and trial dates.

Based on the results from January through December, 2012 terms, the Court reports the following:

1. There were 816 mass tort filings for 2012. This is a 70% reduction from the 2,690 cases filed in 2011 and a return to pre-2009 filing levels.
2. There has been a slight reduction in the total out of state filings. In percentage terms, pharmaceutical cases have been reduced from 88% to 86%, and in asbestos cases from 47% to 44%.
3. There has been heightened settlement activity. Mediation activity in both asbestos and pharmaceutical cases has increased notably.
4. Discovery disputes have greatly diminished as a result of adopting separate discovery rules written by the Asbestos Bar and the Pharmaceutical Bar.
5. Since January 1, 2012, two additional judges have been assigned to the Program in an effort to reduce the swelling inventory.
6. The overall inventory of mass tort cases has been reduced by 14% to 5,302 cases as of December 31, 2012.
7. In 2012, only six (6) mass tort cases were tried to jury verdict with two (2) resulting in plaintiff verdicts and four (4) in defense verdicts. These results can be compared with the Major Jury Program in which 148 cases were tried

to jury verdict with 49% resulting in plaintiff verdicts and 51% in defense verdicts.

Accordingly, the Court now republishes the protocols as modified over the past year.

## O R D E R

AND NOW, this 7th day of February, 2013, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. There shall be no reverse bifurcation of any mass tort case, including asbestos, unless agreed upon by all counsel involved.

2. Consolidation of mass tort cases shall not occur absent an agreement of all parties, except in the asbestos program in accordance with the protocols set forth herein below.

3. All punitive damage claims in asbestos claims shall be deferred.  Punitive damage claims may be litigated in pharmaceutical mass tort cases provided that the Coordinating Judge, following appropriate motion practice by defense counsel at least 60 days in advance of trial, rules that there are sufficient requisite proofs to support the claim going to trial.

4. Pro hac vice counsel shall be limited to no more than four (4) trials per year, but otherwise will not be limited on pre-trial appearances.  The Court encourages non-Pennsylvania counsel to pass its Bar Examination and thereby become familiar with Pennsylvania law, rules and procedures.

5. Discovery Rules: The following discovery rules were proposed to the Court by the Asbestos Bar and the Pharmaceutical Bar and have been adopted by the Mass Tort Program.

### Asbestos Bar Discovery Rule

Unless otherwise agreed by opposing counsel or upon showing of exigent circumstances, all discovery shall take place in Philadelphia; however, a party may notice a deposition to take place at a location outside of Philadelphia so long as that party provides video conferencing, or telephone conferencing if video conferencing is impracticable, at no expense to opposing parties.

A notice of deposition shall be served on all parties at least 7 days prior to the scheduled deposition date, unless court approval is obtained for a shorter period of time.

### Pharmaceutical Bar Discovery Rule

All plaintiffs shall be made available for deposition in Philadelphia unless otherwise agreed by all parties or upon motion and for good cause shown.

6. Consolidation of Asbestos Cases: Asbestos cases shall be grouped in groups of a minimum of 8 and a maximum of 10 and counsel shall be required to propose cases for consolidation considering the following criteria:

   a. Same law.  Cases that involve application of the law of different states will not be tried together;

   b. Same disease.  The disease category for each case in a group must be identical.  The disease categories of cases to be grouped for trial are mesotheliomas, lung cancers, other cancers and non-malignancy cases;

   c. Same plaintiff's law firm.  Primary trial counsel for all cases in each group will be from a single plaintiff firm.  Cases where Philadelphia plaintiff firms serve as local counsel for out-of-state counsel will not be grouped with cases from the local firm;

   d. Fair Share Act cases will not be consolidated with non-Fair Share Act cases;

   e. Pleural mesothelioma is a disease that is distinct from mesotheliomas originating in other parts of the body, and will not be tried on a consolidated basis with non-pleural mesothelioma cases;

   f. Non-pleural mesothelioma cases will be further classified for trial, so that non-pleural mesothelioma cases allegedly caused by occupational exposure will not be tried on a consolidated basis with non-pleural mesothelioma cases allegedly caused by para-occupational (bystander) exposure;

   g. And such other factors as determined appropriate in weighing whether all parties to the litigation can receive a prompt and just trial.  The Court's present backlog of asbestos cases shall not be an overriding factor in the consolidation determination.

7. Any grouping of cases less than 8-10 in number shall not receive a trial date until a group is formed of 8-10 cases.  A maximum of 3 of these 8-10 cases may be tried, with the other 5-7 cases either resolving through settlement or returned to the Coordinating Judge for regrouping and relisting for trial.

8. Mediation:  Once grouped, assigned a trial date and after Motions for Summary Judgment have been decided by the Court, counsel are urged to seek mediation from a special panel of former judges named herein below. Either side may request mediation.  The mediator selected by the parties shall advise the Court whether the plaintiff firm's participation was in good faith or not.  In the discretion of the Coordinating Judge, any plaintiff firm's failure to proceed in good faith in mediation may constitute just cause to remove that group of cases from the trial list and any defendant's failure to proceed in good faith may result in an increase of the maximum 3 cases consolidated for

trial.  Since no more than 3 cases may be consolidated and proceed to trial in any group of 8-10, the remaining 5-7 cases should be resolved and settled. Otherwise, those unresolved cases shall be relisted for trial.  All parties will share the expense of mediation.

9. The panel of former judges invited to participate in the special mediation of mass tort cases are the following:

1. Phyllis W. Beck, Judge
   Independence Foundation
   Offices at the Bellevue
   200 South Broad Street, Suite 1101
   Philadelphia, PA  19102

2. Jane Cutler Greenspan, Justice
   JAMS Arbitration, Mediation and ADR Services
   1717 Arch Street
   Suite 4010 - Bell Atlantic Tower
   Philadelphia, PA  19103
   (215) 246-9494

3. G. Craig Lord, Judge
   Blank Rome LLP
   One Logan Square
   130 North 18th Street
   Philadelphia, PA  19103-6998
   (215) 569-5496

4. James R. Melinson, Judge
   JAMS Arbitration, Mediation and ADR Services
   1717 Arch Street
   Suite 4010 - Bell Atlantic Tower
   Philadelphia, PA  19103
   (215) 246-9494

5. Russell Nigro, Justice
   210 W. Washington Square
   Philadelphia, PA  19106
   (215) 287-5866

6. Diane M. Welsh, Judge
   JAMS Arbitration, Mediation and ADR Services
   1717 Arch Street
   Suite 4010 - Bell Atlantic Tower
   Philadelphia, PA  19103
   (215) 246-9494

10. The Court shall designate which of the cases will proceed to trial.  The parties may object to the cases selected to be tried together and request the Court to reconsider.

11. Immediately prior to trial of up to 3 consolidated asbestos cases, the assigned trial judge shall independently determine whether the cases will be tried in a consolidated manner based on the criteria herein above set forth and any other factors deemed relevant to the issue of consolidation and a fair trial.

12. The Coordinating Judge will accept and rule upon Petitions for advanced listings premised upon a medically verifiable prognosis of imminent death.

This General Court Regulation is promulgated in accordance with Pa.R.C.P. No. 239 and the April 11, 1986 Order of the Supreme Court of Pennsylvania, Eastern District, No. 55 Judicial Administration.  The original General Court Regulation shall be filed with the Prothonotary in a Docket maintained for General Court Regulations issued by the Administrative Judge of the Trial Division, Court of Common Pleas of Philadelphia County, and shall be submitted to the *Pennsylvania Bulletin* for publication.  Copies of the General Court Regulation shall be submitted to the Administrative Office of Pennsylvania Courts, the Civil Procedural Rules Committee, American Lawyer Media, The Legal Intelligencer, Jenkins Memorial Law Library, and the Law Library for the First Judicial District of Pennsylvania, and shall be posted on the website of the First Judicial District of Pennsylvania: http://courts.phila.gov/regs.

BY THE COURT:

*/s/ John W. Herron*

HONORABLE JOHN W. HERRON
Administrative Judge, Trial Division

# EXHIBIT B

RECEIVED
AUG 24 2012
GREINER, MAIER & CO.

D.O.B. _____
Asbestosis _____
Mesothelioma _____
Lung Cancer _____
Other Cancer (type) _____
Exposure Dates _____ to _____



Filed and Attested by
PROTHONOTARY
22 AUG 2012 09:32 am
S. GARRETT

By:  Edward M. Nass
E-mail: emnass@hbnpclaw.com
Identification No. 34588
HOWARD, BRENNER & NASS, P.C.
1608 Walnut Street, Suite 700
Philadelphia, PA 19103
(215) 546-8200

Attorneys for Plaintiff,

ASSESSMENT OF DAMAGES HEARING
IS REQUIRED
NON-JURY

GERALD F. MORRIS and BARBARA MORRIS, h/w:
2827 S. 11th Street
Philadelphia, PA 19148

vs.

HONEYWELL INTERNATIONAL, INC., as
successor in interest to Allied Signal, Inc., as successor
in interest to Bendix Corporation
Columbia Road & Park Avenue
Morristown, NJ 07960   (058) (CONT'D)

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

Aug TERM, 2012
NO.) 2229

**CIVIL ACTION - COMPLAINT**
(Personal Injury - 2090 Asbestos)
**NOTICE TO DEFEND**

NOTICE

You have been sued in court. If you wish to defend against the
claims set forth in the following pages, you must take action within
twenty (20) days after this complaint and notice are served, by
entering a written appearance personally or by attorney and filing in
writing with the court your defenses or objections to the claims set
forth against you. You are warned that if you fail to do so the case
may proceed without you by the court without further notice for any
money claimed in the complaint or for any other claim or relief
requested by the plaintiff. You may lose money or property or other
rights important to you.

*You should take this paper to your lawyer at once. If you do not
have a lawyer or cannot afford one, go to or telephone the office set
forth below to find our where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de
estas demandas espuestas en las paginas siguientes, usted tiene veinte
(20) dias de plazo el partir de la fecha de la demanda y la
notificacion. Hace falta asentar una comparencia escrita o en
persona o con un abogado y entregar a la corte en forma escrita sus
defensas o sus objeciones a las demandas en contra de su persona.
Sea avisado que si usted no se defiende, la corte tomara medidas y
puede continuar la demanda en contra suya sin previo aviso o
notificacion. Ademas, la corte puede decidir a favor del demandante
y requiere que usted cumpla con todas las provisiones de esta
demanda. Usted puede perer dinero o sus propiedades u otros
derechos importantes para usted.

*Lleva esta demanda a un abogado immediatamente. Si no tiene
abogado o si no tiene el dinero suficiente de pagarial servicio. Vaya
en persona o llame por telefono a la oficina cuya direccion se
encuentra escrita abajo para averiguar donde se puede conseguir
asistencia legal.*

Asociacion de Licenciadosde Filadelfia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107

7011-1150-0000-8609-2360

Aurora Pump
13515 Ballantyne Corporate Place
Charlotte, NC 28277
Attention: Lynette Jones

A.W. Chesterton, Inc. (**127**)
500 Unicom Park Drive
Woburn, MA 01801-3345

Bayer Cropscience, as successor to
AMCHEM Products, Inc.
(Benjamin Foster Division)
2 TW Alexander Drive
Research Triangle Park, NC 27709

Borg-Warner Corporation
3850 Hamlin Road
Auburn Hills, MI 48326-2872 (**55**)

Air and Liquid Systems Corp, as successor
by merger to Buffalo Pumps, Inc.
c/o C.T. Corporation
116 Pine Street, Suite 320
Harrisburg, PA 17101

Carrier Corporation
Carrier Parkway
P.O. Box 4808
Syracuse, NY 13221 (**366**)

Carrier Corporation, d/b/a Bryant Heating and
Cooling Systems
Carrier Parkway
P.O. Box 4808
Syracuse, NY 13221

Cleaver Brooks,
Division of Aqua-Chem, Inc.
P.O. Box 421
Milwaukee, WI 53201   (**155**)

Cooney Brothers
1850 N. Gravers Road
Plymouth Meeting, PA 19462-2837

DAP, Inc.
2400 Boston Street, Suite 200
Baltimore, MD 21224

Durametallic Corporation
2104 Factory Street
Kalamazoo, MI 49001

Excelsior, Inc.
P.O. Box 970
Rockford, IL 61105

Ford Motor Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801 (**105**)

Foster Wheeler Corporation
Perryville Corporate Park
Clinton, NJ 08809-4000 (**131**)

General Electric Co.
3135 Easton Turnpike **064**
Fairfield, CT 06828

Georgia Pacific
133 Peachtree Street, NE
Atlanta, GA 30303 (**3234**)

Green, Tweed & Company (**132**)
2075 Detweiler Road
P.O. Box 305
Kulpsville, PA 19443-0305

Homasote Company
933 Lower Ferry Road
Box 2740
West Trenton, NJ 08628-0240

IMO Industries, Inc.
c/o CSC
2704 Commerce Drive
Harrisburg, PA 17110

IMO Industries, Inc., as successor to DeLaval
Steam Turbine Company
c/o CSC
2704 Commerce Drive
Harrisburg, PA 17110

Ingersoll-Rand Company
Corporate Center
One Centennial Avenue
Piscataway, NJ 08854

J.H. France Refractories
c/o Special Claims Services, Inc.
Attn:  Donald E. Ward, President
809 Coshocton Avenue, Suite I
Mount Vernon, OH 43050 (227)

John   Crane,   Inc.,   f/k/a   Crane   Packing
Company
6400 W. Oakton Street (060)
Morton Grove, IL  60053

Kaiser Gypsum Company, Inc. (346)
Hanson Aggregates
12667 Alcosta Boulevard, Suite 400
San Ramon, CA  94583-4427

Metallo Gasket Company
16 Bethany Street
New Brunswick, NJ  08903

Metropolitan Life Insurance Co.
1095 Avenue of the Americas
New York, NY  10036

Pecora Corporation
165 Wambold Road
Harleysville, PA  19438

Peerless Pump
2005 Dr. Martin Luther King, Jr. Street
Indianapolis, IN  46202

Pep Boys
3111 W. Allegheny Avenue
Philadelphia, PA  19132

Trane US Inc., f/k/a American Standard, Inc.
One Centennial Avenue
Piscataway, NJ  08855

Union Carbide Corporation
c/o C.T. Corporation Systems
116 Pine Street, Suite 320
Harrisburg, PA  17101

Warren Pumps LLC
82 Bridges Avenue
Warren, MA  01083

Weil McLain Company
Blaine Street
Michigan City, IN  46360

Westinghouse Electric Corp.
20 Stanwix Street
Pittsburgh, PA 15222 (099)

Yarway Corporation
c/o C.T. Corporation Systems
116 Pine Street, Suite 320
Harrisburg, PA  17101

**By:    Edward M. Nass**                                     **Attorneys for Plaintiff,**
**E-mail:** mailto:emnass@hbnpclaw.com
**Identification No. 34588**
**HOWARD, BRENNER & NASS, P.C.**                              **ASSESSMENT OF DAMAGES**
**1608 Walnut Street, Suite 700**                             **HEARING IS REQUIRED**
**Philadelphia, PA  19103**                                   **NON-JURY**
**(215) 546-8200**

                                                         COURT OF COMMON PLEAS
                                                         PHILADELPHIA COUNTY

| | |
|---|---|
| GERALD F. MORRIS and BARBARA MORRIS, h/w: | |
| 2827 S. 11th Street | : |
| Philadelphia, PA  19148 | : |
| | : |
|     vs. | : |
| | : |
| HONEYWELL INTERNATIONAL, INC., as | : |
| successor in interest to Allied Signal, Inc., as successor | : |
| in interest to Bendix Corporation | : |
| Columbia Road & Park Avenue | : |
| Morristown, NJ 07960  (058) (CONT'D) | : |

                                                      TERM,
NO.

## SHORT FORM COMPLAINT

     Plaintiff incorporates by reference Plaintiff's Master Long Form Complaint In Re:

Asbestos Litigation in Philadelphia Court of Common Pleas, filed as of October Term,

1986, No. 8610-0001.   Pursuant to an Order dated July 30, 1986 and signed by the

Honorable Richard B. Klein and the Honorable Edward J. Blake the following Short Form

Complaint is utilized in this asbestos action.

1. This Complaint involves the claims for the following persons:

(a) Plaintiff

    Name:    Gerald F. Morris

    Address:    2827 S. 11th Street
                  Philadelphia, PA 19148

    Social Security Number:    XXX-XX-6378

    Date of Birth:    9/19/1944

(b) Spouse:    Barbara Morris

2. The Defendants are those companies identified in the caption of this Complaint. See Appendix A for additional information pertaining to the named defendants in this action.

3. Plaintiff's employment history is as follows:

    Employer:    Rossi Esso Station
    Years:    1960 – 1962
    Job Title:    Mechanic

    Employer:    Joseph Bancroft Textile Mill
    Years:    1962
    Job Title:    Textile Worker

    Employer:    U.S. Navy
    Years:    1962 – 1983
    Job Title:    Machinist Mate

    Employer:    Philadelphia Naval Shipyard
    Years:    1983 - 1984
    Job Title:    Engine Room Conversions

    Employer:    Fleer Gum Company
    Years:    1983
    Job Title:    HVAC

| | |
|---|---|
| Employer: | Dupont |
| Years: | 1984 - 1986 |
| Job Title: | Printing Press Maintenance |
| | |
| Employer: | Cushman & Wakefield |
| Years: | 1987 - 2006 |
| Job Title: | Building Engineer |

4.  Plaintiff was exposed to asbestos during portions of his employment for Rossi Esso and U.S. Navy.   Plaintiff was also exposed to asbestos performing vehicular maintenance and home improvement work.  Discovery and investigation is continuing as to whether the plaintiff was exposed to asbestos in any other occupational settings or non-occupational settings.

5.     Plaintiff was diagnosed on or about July 5, 2012, as suffering from lung cancer.  Plaintiff's exposure to asbestos was a factual cause of his lung cancer.

6.  A claim for lost wages is not being asserted at this time.

HOWARD, BRENNER & NASS, P.C.

BY

EDWARD M. NASS
Attorneys for Plaintiffs

Case ID: 120802229

## APPENDIX A

The plaintiffs incorporate by reference Plaintiff's Master Long Form Complaint in Re:  Asbestos Litigation Philadelphia Court of Common Pleas, filed as of October Term, 1986, No. 8610-0001.

1.    Defendant, Cleaver Brooks, Division of Aqua-Chem, Inc. is a Pennsylvania corporation with its principal place of business in Milwaukee, Wisconsin.

2.    J.H. France Refractories is a Pennsylvania corporation with its principal place of business in Snow Shoe, Pennsylvania.

Case ID: 120802229

3.      On information and belief, the below listed defendant companies, at all times material hereto, were authorized to do business in the Commonwealth of Pennsylvania:

WESTINGHOUSE ELECTRIC CORP.
2nd Floor, Gateway #6
11 Stanwix Street
Pittsburgh, PA 15222

CARRIER CORPORATION
Carrier Parkway, PO Box 4808
Syracuse, NY 13221

Case ID: 120802229

<u>**VERIFICATION**</u>

Edward M. Nass, Esquire hereby states that he is the attorney for the plaintiff in this action, and that he makes this verification on behalf of the plaintiff herein, being authorized to do so, and verifies that the facts contained in the foregoing Civil Action-Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S. Sec. 4904 relating to unsworn falsification to authorities.

DATE: 8/22/12

EDWARD M. NASS

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

| | |
|---|---|
| MORRIS ETAL VS HONEYWELL<br>INTERNATIONAL, INC. ETAL | <u>2012</u>  TERM <u>AUGUST</u><br><br>No. <u>02229</u>      . |

**IN RE:  ASBESTOS LITIGATION - OCTOBER TERM 1986, NO. 0001**

**MASTER CASE MANAGEMENT ORDER FOR**
<u>**ASBESTOS-RELATED PERSONAL INJURY CLAIMS**</u>

It is the goal of this Court to secure the just, expeditious and cost-effective determination of each personal injury case involving exposure to asbestos or asbestos-containing products pending or hereafter filed in the Court of Common Pleas of Philadelphia County to eliminate duplication of effort, prevent unnecessary paperwork and promote judicial economy.

In order to achieve these objectives, this 1st day of December, 2010, the Court enters the following Case Management Order for personal injury cases involving exposure to asbestos or asbestos-containing products.

This Case Management Order supersedes all prior Case Management Orders entered in the Asbestos Litigation and shall apply to all cases currently pending and hereafter filed in this Court.

## I.   PLEADINGS
A.     <u>Short Form Complaints</u>

A Short Form Complaint shall be filed and served in every case in accordance with the Pennsylvania Rules of Civil Procedure.  Plaintiffs may incorporate by reference the Master Long Form Complaints filed on the above-captioned docket.

The Short Form Complaint shall contain the information required by Philadelphia Civil Rule *1019.1(B), to the extent consistent with the Pennsylvania Rules of Civil Procedure.

A Short Form Complaint that contains premises liability claims shall include the name and address of each work site in which the plaintiff alleges exposure to asbestos and the dates during which the plaintiff or the decedent worked at each such work site.

B.     <u>Preliminary Objections</u>

In response to each Short Form Complaint, the defendant may file preliminary objections, if deemed appropriate, in accordance with the Pennsylvania Rules of Civil Procedure and Philadelphia Civil Rule *1028.  The preliminary objections shall be filed in letter brief format rather than motion package format.  Its caption must specify "Asbestos Litigation" and name opposing counsel.  Facts, issues and pertinent case law should be included.  Each motion must include a proposed order.

C.     <u>Answers to Complaints</u>

Defendant's answers to complaints are governed by Rule 1041.1 of the Pennsylvania Rules of Civil Procedure.

## II.   GIFFEAR DOCKET

Cases that do not state a valid claim pursuant to <u>Giffear v. Johns-Manville Corp.</u>, 632 A.2d 880 (Pa.Super. 1993), <u>aff'd sub nom. Simmons v. Pacor, Inc.</u>, 674 A.2d 232 (Pa.1996), shall be placed on an inactive docket.

To reactivate a case which has been discontinued pursuant to <u>Giffear</u>, a Motion to Reactivate must be filed and include all necessary medical reports supporting said motion. The motion shall be filed in letter brief format consistent with the Mass Tort Motion procedures.

## III.   DISCOVERY

The following deadlines shall apply for the completion of discovery and the exchange of expert reports:

<u>180 Days prior to jury selection</u>-
Plaintiffs shall serve answers to Defendants' Master Interrogatories and Requests for Production Directed to Plaintiffs, including information relating to Bankruptcy Trust Filings.

Plaintiffs shall forward the identification of all health care providers along with addresses to defense counsel and RecordTrak.

Plaintiffs shall forward HIPAA compliant authorizations signed by plaintiffs to RecordTrak.

<u>120 days prior to jury selection</u>-

Plaintiffs shall serve medical, economic and liability expert reports.

Plaintiffs shall produce to lead defense counsel all diagnostic materials in the possession of plaintiffs or their counsel and all diagnostic material reviewed by plaintiffs' experts.  This includes, but is not limited to, x-rays, CT scans, pathology and cytology.

Plaintiffs shall serve product identification witness lists identifying the defendants the witnesses are expected to identify.

<u>100 days prior to jury selection</u>-- Completion of plaintiffs' depositions.

<u>90 days prior to jury selection</u>-- Completion of all co-worker depositions.

<u>45 days prior to jury selection</u>-- Defendants shall serve medical and economic expert reports.

<u>10 days prior to jury selection</u>--Defendants shall serve expert liability reports.

## IV.   STIPULATIONS OF DISMISSAL

1.     If a plaintiff has agreed to stipulate to the dismissal of a defendant, the defendant (hereinafter the "Stipulated Defendant") shall prepare a Stipulation of Dismissal.

2.     The Stipulated Defendant shall circulate the Stipulation of Dismissal to all defense counsel by letter, stating that any party has ten (10) days from the date of the letter to object

to the dismissal of the Stipulated Defendant.

    3.    If a party objects to the dismissal of the Stipulated Defendant, the objecting party shall notify the Stipulated Defendant in writing of the basis for the objection.

    4.    If, after the expiration of the ten (10) day period, no objections are received by the Stipulated Defendant, the Stipulation of Dismissal may be electronically filed with the Court as unopposed.

    5.    The package electronically filed with the Court shall include the signed Stipulation of Dismissal and a cover letter stating no objections have been raised within the ten (10) day period.

    6.    Service of the Court-approved Stipulation of Dismissal shall be effectuated via the Court's electronic filing system on all parties of record.

## V.    MOTION PRACTICE AND PROCEDURE

All summary judgment motions shall be filed in accordance with the Revised Asbestos Summary Judgment Motion Procedures, a copy of which is attached hereto. In addition, to prevent the filing of unnecessary motions, five (5) days prior to the deadline for filing summary judgment motions (or 85 days prior to jury selection) Plaintiffs' counsel are to serve upon all parties to a case, a 'Dismissal Letter' indicating all defendants which Plaintiff will voluntarily dismiss from that case.

All other motions, including motions for *forum non conveniens*, motions to amend complaints, motions to compel, motions to enforce settlements, etc., shall be filed in accordance with the Revised Mass Tort Motion Procedures, a copy of which is attached hereto.

## VI.    TRIAL SCHEDULING

The dates for all scheduled trials will be published each Monday in The *Legal Intelligencer.*

## VII.    DEADLINES FOR CASES THAT MOVE TO NEW TRIAL GROUPS

If any case is moved, with the consent of the Court, from its original trial group to a later trial group, all discovery and motions deadlines for the later group will apply. Any summary judgment motions filed prior to moving the case will be considered moot and must be re-filed in accordance with the deadlines for the group to which the case has been moved, except for cases where the motion deadline for the new group has already passed at the time the case is moved. For those cases, motions will remain open and <u>need</u> <u>not</u> be re-filed. Those motions remaining open shall be decided by the Coordinating Judge in accordance with the deadlines for the new group.

## VIII.    CALL OF THE LIST

A brief call of the asbestos list will be conducted every Monday at 11:00 a.m. The Court will conduct general asbestos business and call those cases listed for trial for the following month.Knowledgeable representatives of each party involved in the next month's scheduled trials shall attend.

A meeting of the Asbestos Kitchen Cabinet will be conducted on the first Monday of each month, following the call of the list.

## IX.    SANCTIONS

Failure to comply with any deadlines set forth in the Case Management Order may result in the imposition of appropriate sanctions, including dismissal.

**BY THE COURT:**

**SANDRA MAZER MOSS**
**COORDINATING JUDGE**
**COMPLEX LITIGATION CENTER**

Howard, Brenner & Nass, P.C.

*Attorneys At Law*
www.hbnlawfirm.com

David E. Brenner
Edward M. Nass
Richard P. Hackman
Michael A. Cancelliere, Jr.
Michael A. Rowe
Casey R. Coburn

**Philadelphia**
1608 Walnut Street
Suite 700
Philadelphia, PA 19103
Phone: 215-546-8200
Toll Free: 855-546-4600
Fax: 215-545-1591

**Media**
106 W. Front Street
Media, PA 19063
Phone: 610-892-9070
Toll Free: 855-546-4600
Fax: 215-545-1591

**New Jersey**
210 Haddon Avenue
Westmont, NJ 08108
Phone: 856-427-9100
Toll Free: 855-546-4600
Fax: 215-545-1591

Edward M. Nass, Esquire
E-mail: emnass@hbnpclaw.com

August 22, 2012

Green Tweed & Company
2075 Detweiler Road
P.O. Box 305
Kulpsville, PA 19443-0305

Re:   Gerald Morris v. Honeywell International, et al.

Dear Sir or Madam:

Enclosed please find a true and correct copy of the Complaint, filed in the above-referenced matter in the Philadelphia County Court of Common Pleas.

Kindly refer this matter to local counsel and have him or her enter an appearance. If you have any questions, please do not hesitate to contact me.

Very truly yours,

EDWARD M. NASS

EMN/pz
Enclosure

mz/complaint/comp1.ltr